UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CIVIL ACTION NO. 1:16cv1119 (WOB)**

**UNITED STATES OF AMERICA**                             **PLAINTIFF**

**VS.**                  **MEMORANDUM OPINION AND ORDER**

**JOHN K. STEELE**                                              **DEFENDANT**

This matter is before the Court on Defendant's motion to dismiss (Doc. 6) and motion to dismiss/quash indictment. (Doc. 7). Having reviewed this matter, the Court concludes that oral argument is unnecessary. The Court now issues the following Memorandum Opinion and Order.

*FACTUAL AND PROCEDURAL BACKGROUND*

The United States of America brings this civil action against Defendant John K. Steele ("Steele") to reduce to judgment certain unpaid federal income tax liabilities. (Complaint, Doc. 1).

The United States alleges that a delegate of the Secretary of the Treasury made assessments against Steele for federal income taxes, penalties, and interest for various years between 2000 and 2010, in the total amount of $2,861,096.54. (*Id.* ¶ 5). The United States alleges that despite notice to Steele of these liabilities and a demand for payment, Steele has "failed, neglected, or refused" to pay the amounts owed. (*Id.* ¶ 7).

The United States filed this action on December 2, 2016. (Doc. 1). The United States accomplished service on Steele on December 10, 2016. (Doc. 2). After being granted an extension of time to answer the complaint, Steele, proceeding *pro se*, filed a motion to dismiss and a motion to dismiss/quash indictment. (Docs. 6, 7). These motions are ripe for the Court's review.

Steele's arguments for dismissal are identical to those he asserted in a similar action against him in the United States District Court for the Eastern District of Kentucky. *See USA v. Steele*, E.D. Ky. Case No. 3:16-cv-00095. There, the United States sought, among other things, to collect the two-million-plus federal income tax debt from Steele. Steele, again *pro se*, filed a motion to dismiss arguing, as he does here, that the Court lacks jurisdiction and that he is exempt from the provisions of the Internal Revenue Code.

Our sister court denied Steele's motion to dismiss on March 13, 2017. *See United States v. Steele*, Civil No. 3:16-cv-00095-GFVT, 2017 WL 971041, at *1 (E.D. Ky. Mar. 13, 2017). Recognizing that there is no reason to waste judicial resources, the Court adopts Judge Van Tatenhove's fine analysis and addresses Steele's arguments in an abbreviated fashion.

*Analysis*

**A. Steele's Rule 12(b)(1) Motion; Venue**

Steele first moves to dismiss under Rule 12(b)(1), asserting that the Court lacks subject-matter jurisdiction over the government's claims. This argument is without merit. Jurisdiction is conferred by 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."), 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue"), and 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States"). *See also* 26 U.S.C. 7402.

Furthermore, the Court finds that venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396, due to Steele being a resident of Cincinnati, Ohio, within the jurisdiction of this Court.

**B. Steele's 12(b)(6) Motion**

Steele also moves to dismiss pursuant to Rule 12(b)(6), arguing that the United States has failed to state a claim against him.

The United States is merely required to make a "short and plain statement of the claim showing the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). Additionally, "[t]o survive a

3

motion to dismiss, the plaintiff need only plead sufficient factual matter . . . to 'state a claim to relief that is plausible on its face' meaning that we can draw the reasonable inference that the defendant is liable for the misconduct alleged." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir.2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The United States has carried this burden by alleging assessment dates and the amounts owed by Steele. (Doc. 1, at 1-2). Steele's motion to dismiss on this basis is thus also without merit. *See Steele*, 2017 WL 971041, at *2

### C. Steele's Miscellaneous Arguments

Steele offers several other arguments as to why the United States cannot proceed with the present action. These contentions are couched in universally-rejected "tax-protestor" theories, and they lack merit for the reasons explained in Judge Van Tatenhove's opinion. *See Steele*, 2017 WL 971041, at *2-3.

Therefore, having reviewed this matter, and being otherwise sufficiently advised,

**IT IS ORDERED** that the motions to dismiss (Docs. 6, 7) be, and are hereby, **DENIED**.

This 28th day of April, 2017.



Signed By:
*William O. Bertelsman* WOB
United States District Judge